510 A.2d 1282

Hazleton Area School District and James Correale, Jr. *v.* Luzerne Intermediate Unit 18 and Pat Capece. Hazleton Area School District, Appellant.

Argued May 16, 1986, before Judges BARRY and PALLADINO, and Senior Judge ROGERS, sitting as a panel of three.

*James S. Palermo,* with him, *Thomas L. Kennedy,* for appellant.

*Anthony J. Lupas,* for appellees.

OPINION BY SENIOR JUDGE ROGERS, June 18, 1986:

This is the appeal of the Hazleton Area School District (School District) and James Correale, Jr. from an order of the Court of Common Pleas of Luzerne County

in a declaratory judgment action declaring that duly-qualified school directors from member school districts may stand for election to the Luzerne Intermediate Unit 18 Board of Directors by being nominated from the floor at the intermediate unit's duly-convened convention.

There are twenty-nine intermediate units in the Commonwealth. Each school district in the Commonwealth is assigned to an intermediate unit, which provides essential pupil services and vocational-technical education to its member districts. A board of directors of the intermediate unit is elected at the annual convention of the intermediate unit. Section 910-A(a) of the Public School Code of 1949 (Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §9-960(a), provides in pertinent part:

> The intermediate unit board of directors shall be composed of thirteen members except as otherwise provided for in this subsection, chosen for terms of three years from among members of the boards of school directors of school districts comprising the intermediate unit. . . . Where there are fewer than thirteen school districts within an intermediate unit, there shall be one school director from each school district elected to the intermediate unit board of directors, but any such intermediate unit board of directors may elect one additional at-large member. When there are more than thirteen districts in an intermediate unit each district, as far as practicable, may have one member on the unit board, up to a maximum of twenty members. . . .

The issue of this case is that of whether one who has not been nominated by majority vote of the board of directors of the member district of which he or she is a

director may stand for election to an intermediate unit board of directors. We hold that he or she may not.

Luzerne Intermediate Unit 18 is composed of twelve member school districts; its board of directors consists of twelve directors, one from each member school district, and one at-large director. Hazleton Area School District is a member of Luzerne Intermediate Unit 18. At its public monthly meeting in March 1986, the School District nominated by a majority vote of its board of directors, James Correale, Jr. to stand for election to the Luzerne Intermediate Unit 18 board of directors. Luzerne Intermediate Unit 18 held its annual convention of all of the members of all of the constituent boards in April 1986, a purpose of which was to elect a board member from each of five member school districts, including the Hazleton Area School District. Mr. Correale had, as we have noted, been nominated by his board. At the Luzerne Intermediate Unit 18 convention, one Pat Capece, who had been serving as the intermediate unit board member for Hazleton Area School District, but who had not been nominated by his board for reelection by the convention at its April 1986 meeting, was nominated from the floor of the convention. The School District immediately filed a declaratory judgment action seeking an order declaring that only persons who have been nominated by a majority vote of the board of directors of their member school boards are eligible to stand for election to the intermediate unit board of directors by the convention. The common pleas court declared that school directors of member districts may stand for election to the intermediate unit board of directors by nomination from the floor of the convention without having first been nominated by the board of directors.

We believe that the common pleas court erred because the Code unambiguously (and with the good rea-

son of promoting harmony between the local and the intermediate unit boards) provides that only persons who have first been nominated by the majority vote of the board of directors of the district of which they are members may stand for election to the board of directors of the intermediate unit. Section 910-A(h) of the Code, 24 P.S. §9-960(h), reads:

> To stand for election to an intermediate unit board of directors, in accordance with this section and sections 911-A, . . . [a] director from a member district shall first be nominated by a majority vote of the board of directors of that member district and a record of such vote shall become part of the minutes of said district which record of the vote shall be transmitted to the intermediate unit prior to such election.. . . . A person properly elected . . . shall be seated as a member of the intermediate unit board of directors.

"[W]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Section 1921 of the Statutory Construction Act of 1972, 1 Pa. C. S. §1921.

Before 1982, there was no provision in the Code requiring that to stand for election to an intermediate unit board a director of a member district shall first be nominated by a majority vote of the board of directors of his or her member district. In June 1982, the Legislature, by the Act of June 25, 1982, P.L. 657, added Section 910-A(h) of the Code, 24 P.S. §9-960(h), which then read in pertinent part:

> The *election* or *appointment* of any director from a member district to an intermediate unit board of directors shall be approved by a majority vote of the board of directors of that member district. . . . (Emphasis added.)

In December of the same year, the Legislature, by the Act of December 17, 1982, P.L. 1378, amended Section 910-A(h), by changing the first sentence, which now reads, as we have seen:

> *To stand for election* to an intermediate board of directors . . . [, a] director from a member district shall first be nominated by a majority of the board of directors of that member district. . . . (Emphasis added.)

The Luzerne Intermediate Unit's contention is that the elections held at its annual conventions will be useless if the member school districts have the exclusive power to nominate candidates for its board. This is wholly ineffective. The conventions held by the Luzerne Intermediate Unit 18 will elect a total of thirteen directors. There are twelve member districts and thirteen intermediate board members to be elected. If each member board should nominate two of its members, a quite lively election could ensue for the at-large member. Moreover, as Section 910-A(a) of the Code provides, no intermediate unit board may have more than twenty directors, and eight units we are told have more than twenty constituent member districts, creating the occasion at the conventions of those units for meaningful elections indeed.

We therefore hold that to stand for election to the intermediate unit board of directors a director from a member district must first be nominated by a majority vote of the board of directors of the member district; we reverse the order of the court of common pleas.

ORDER

AND NOW, this 18th day of June, 1986, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is reversed.